STATE OF MAINE

KENNEBEC, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-01-95
SKE- -JU- 4 |  /.O5

DAVID and MICHELE HERLIHY,

    Petitioners

v.

STATE TAX ASSESSOR,

    Respondent

DONALD L. GARBRECHT
LAW LIBRARY

MAY 28 2003

DECISION ON
DE NOVO REVIEW

This matter comes before the court on the petitioners' request for the court to conduct a de novo hearing and determination concerning the Maine tax status of David Herlihy with regard to income earned in tax years 1996, 1997, 1998, and 1999. The respondent State Tax Assessor determined by an order of the Deputy Director, Appellate Division, dated December 14, 2001, that Mr. Herlihy was a "resident" in Maine for tax purposes during the years in question, and liable to pay state income tax. Although the petition to this court is in the nature of an appeal from the respondent's decision, the statute requires that this court, "conduct a de novo hearing and make a de novo determination of the merits of the case." The statute also specifies that the taxpayer has the burden of proof.

Before discussing the court's findings, it would be appropriate to consider the petitioner's Motion to Amend Pleadings to Conform to the Evidence. The petitioners seek to litigate the domicile status of Michele Herlihy, interest and penalties, and the statute of limitations with regard to tax year 1996. M.R. Civ. P. 15(b). Such amendments are allowed if the new issues not addressed by previous pleadings "are tried by express or implied consent of the parties." The court agrees with the respondent that there was no express or implied consent on the respondent's part to try

the interest and penalties or statute of limitations issues. The court agrees and denies the motion with regard to these issues. However, the motion is granted to the extent that it raises the issue of Mrs. Herlihy's domicile for tax purposes.

**Facts**

David Herlihy was born in Boston, Massachusetts, and was educated at schools in the Boston area including Boston University and Boston College. David and Michele Herlihy were married in Rockport, Massachusetts, in 1970, were they continued to live and raise their three children. The Herlihys discovered skiing in 1983 and made heir first visit to Sugarloaf in Maine in 1984. Skiing became a large part of the families' life during the season, to the point where they purchased a house in Kingfield, Maine, with another family. At this point they also owned a residence in Rockport, Massachusetts. This property was sold a few years later, and upon the sale of the petitioners' Rockport house in 1994, the petitioners purchased a house at Sugarloaf in Carrabassett Valley.

A key factor in understanding the petitioners' living circumstances and domicile during the next five years is that although skiing was an important part of the lives of all members of the family, it was even more important to the petitioners' youngest son, Patrick. In 1994, at age 12, Patrick was very interested in ski racing and wished to attend the Carrabassett Valley Academy (CVA). Although not specifically a part of the record, the court feels comfortable in taking judicial notice of the fact that CVA is located close to Sugarloaf Mountain and combines academics with a strong emphasis on ski and snowboard competition. Deciding that they did not want Patrick to board at CVA, but realizing that they could not afford both their home in Massachusetts and a house on the mountain at Sugarloaf, the petitioners sold the Rockport house and purchased their present residence in Carrabassett Valley. Beginning in November of 1994, the Carrabassett Valley house became the domicile of Mrs. Herlihy and Patrick,

2

with a seasonal residence in Rockport during the summer. As Mrs. Herlihy testified during the hearing, she believes that she was a resident of Maine for tax purposes during the period between November of 1996 and June of 1999, when she returned to Massachusetts on a permanent basis following an automobile accident. During this period of time, Mrs. Herlihy worked during the ski season in Maine, applied to vote in Maine, registered her vehicles in Maine, paid taxes in Maine, and generally behaved as if she were a domiciliary of the State.

Mr. Herlihy's experience during the time in question is different from his wife's. The court is satisfied that prior to 1996, Mr. Herlihy could not be considered as anything other than a resident and domiciliary of the Commonwealth of Massachusetts, with a winter vacation location in Maine. In 1994, he was employed in Wakefield, Massachusetts, for Infotech and intended to live there. As noted above, faced with the desires of their son to go to school and compete in Maine, the petitioners sold their Rockport house and purchase the Sugarloaf location at which Mrs. Herlihy and their son then made their home. The respondents did not have enough assets to purchase both the Sugarloaf home and another in Massachusetts, so Mr. Herlihy began living in rented quarters. The Carrabassett Valley house became home for Mrs. Herlihy and Patrick during the school year and a weekend/winter vacation spot for Mr. Herlihy. These decisions were all made in support of Patrick's love of ski racing, and are not uncommon in young athletic circles, as witnessed by Mrs. Herlihy's testimony concerning other Massachusestts' mothers who lived in Carrabassett Valley with their CVA ski-racing children. In 1995, Mr. Herlihy changed jobs from Infotech to Digital Equipment. Digital had a "home office" program which would have allowed him to essentially work from his home. In December of 1995, Mr. Herlihy applied for this program hoping to be able to establish his home office at the Carrabassett Valley

3

residence in Maine. His application was approved and in January of 1996 Mr. Herlihy moved to Maine to join his wife and son. Mr. Herlihy obtained a Maine driver's license, changed his state income tax withholding to Maine, and in May of 1996 registered to vote in Maine. However, at approximately that same time a change in Mr. Herlihy's job responsibilities required him to look for other opportunities within the company. The home office never materialized.

In late 1996, Mr. Herlihy was contacted by a New Hampshire company and relocated to Nashua, New Hampshire. He rented an apartment in Nashua, purchased a motor vehicle which was registered in New Hampshire and obtained a New Hampshire driver's license. At this point Mr. Herlihy considered Nashua, New Hampshire, as his home or domicile and the residence at Carrabassett Valley as his second home. In the period since 1996, Mr. Herlihy has spent approximately 63 days a year in Maine and 272 days in either New Hampshire or Massachusetts. In January of 1997, he registered to vote in Nashua, New Hampshire, indicating a previous domicile in Carrabassett Valley. Mr. Herlihy's medical providers remained in New Hampshire.

## Discussion

As noted above, the court must look at the evidence anew and arrive at its own decision concerning domicile for tax purposes. The leading case in this area is *Margani v. Sanders*, 453 A.2d 501 (Me. 1982), in which it was stated "Domicile has two components: residence and the intent to remain. When these concur there is domicile." (*Id.* at 503). As noted above, the burden of proof is on the taxpayers to prove their domicile. Residence is a fact which is fairly easy to determine. The intent to remain at a residence is a much more fluid concept which may change from day-to-day depending upon circumstances.

4

In the present case, it is clear that Mrs. Herlihy established a domicile at the petitoners' home in Carrabassett Valley beginning in 1994. Summers spent in Rockport, Massachusetts, did not change the fact that for the vast majority of the year and for all other purposes, she was domiciled in Maine until June of 1999 when she moved back to Massachusetts and her family following her automobile accident.. Mrs. Herlihy filed income tax returns with the State of Maine and paid tax during this period, and the court sees no change in her tax status until June of 1999.

With regard to Mr. Herlihy, the court is satisfied that during the period prior to January 1996 he remained a domiciliary of Massachusetts, having residence both there and at a secondary residence in Carrabassett Valley. However, beginning in January 1996, with the prospect of being able to maintain a home office in Maine and a primary residence with his wife and son, Mr. Herlihy became domiciled in Maine. This status continued until October of 1996 when a series of job-related decisions led him to move to an apartment and domicile in Nashua, New Hampshire. It is clear to the court that if Mr. Herlihy had remained with Digital and had the continuing opportunity for a home office in Maine, he would have chosen and intended to make the Carrabassett Valley home his residence and domicile. However, Mr. Herlihy has also proven to the court's satisfaction that after October 1996 the intent to remain at the Carrabassett Valley residence gave way to the realities of his employment requirements.

In summary, the court finds that Mrs. Herlihy was domiciled in Maine and subject to Maine income taxes for the tax years 1996, 1997, 1998 and 1999 up to July 1 of that year. The court also finds that Mr. Herlihy was not domiciled in Maine and was not liable for Maine income taxes for the same tax period except between January 1, 1996 and October 1, 1996.

The entry will be:

5

Petition GRANTED in part and REMANDED for further calculation of tax liability consistent with this opinion.

Dated: April 14, 2003

_____
S. Kirk Studstrup
Justice, Superior Court

Date Filed __12/26/01__ __Kennebec__ Docket No. __AP01-95__
County

Action __Petition for Review__
80C

## J. STUDSTRUP

David & Michelle Herlihy       vs.   Maine Revenue Services

Plaintiff's Attorney | Defendant's Attorney
---|---

Thomas B. McCowan, Esq.
PO Box 559
Waterville, Maine 04903-0559

Stanley W. Piecuch, AAG
6 State House Station
Augusta, Maine 04333-0006

| Date of Entry | |
|---|---|
| 1/2/01 | Petition for Review of Final Agency, filed. s/McCowan, Esq. (filed 12/26/01) Certificate of Service, filed. s/McCowan, Esq. Motion for Stay and Order, filed. s/McCowan, Esq. Proposed Order, filed. |
| 1/8/02 | Letter entering appearance, filed. s/Piecuch,AAG (filed 1/7/02) Letter informing the court that Assessor does not oppose Petitioners' motion for stay of collection pending this appeal. |
| 1/11/02 | ORDER ON MOTION FOR STAY, Studstrup, J. It is Ordered: Staying the order of Maine Revenue Services that the Plaintiffs pay $38, 529.99, staying the re-imposition of failure to pay penalties, and staying collection action by Maine Revenue Services on the taxes forming the substance of the Plaintiffs' Petition for Review filed this date. Copies mailed to attys of record. |
| 1/18/02 | JOINT MOTION FOR ORDER SPECIFYING FUTURE COURSE OF PROCEEDINS WITH MEMORANDUM OF LAW, filed. s/McCowan, Esq. & Piecuch, AAG. Proposed Order, filed. |
| 1/23/02 | ORDER SPECIFYING FUTURE COURSE OF PROCEEDINGS, Studstrup, J. (dated 1/18/02) (Disc. to close 6 months after date of this order) Copies mailed to attys of record. |
| 1/29/02 | Notification of Discovery Service of Plaintiff's First Request for Production of Documents served on Stanley Piecuch, AAG on 1/28/02, filed. s/T. McCowan, Esq. |
| 2/28/02 | Notification of Discovery Service, filed. s/Piecuch, AAG Assessor's Response to Petitioners' First Request for Production of Documents served on Thomas B. McCowan, Esq. on 2/27/02. |
| 3/18/02 | Notification of Discovery Service, filed. s/Piecuch, AAG Assessor's First Set of Interrogatories Directed to Petitioners and Assessor's First Request for Production of Documents Directed to Petitioners served on thomas B. McCowan, Esq. on 3/14/02. |